UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMEL WALKER, | Case No. 2: 08-CV-2261 JCW |
| Plaintiff, | **ORDER** |
| vs. | |
| R. GOWER, et al., | |
| Defendants. | |
| _____ / | |

On May 26, 2011, I directed Plaintiff Jamel Walker, who is a California state prisoner, to respond to the motion for summary judgment filed by Officer McMoran—the only remaining state defendant. Even though the motion has been pending since early April, and although I specifically "WARNED" Walker that his failure to respond might "be deemed a waiver" and that I could "grant the motion on that basis," he still has not responded to Officer McMoran's motion.

"When the local rule does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion." *Brydges v.*

*Lewis*, 18 F.3d 651, 652 (9th Cir. 1994). But, in exercising this discretion, I must be sure that the moving party's summary judgment papers are sufficient to support the motion. *Martinez v. Stanford*, 323 F.3d 1178, 1181 (9th Cir. 2003). Even when the non-moving party fails to file a response, summary judgment is proper only if the moving papers demonstrate the absence of a genuine issue of material fact for trial. *Id.*; *see also* Fed. R. Civ. P. 56.

After carefully reviewing the Officer McMoran's motion, I conclude that there are no genuine issues of material fact that warrant further proceedings in this case. In *Hudson v. McMillian*, the Supreme Court held "that whenever prison officials stand accused of using excessive physical force . . . , the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." 503 U.S. 1, 6–7 (1992). To determine "whether the use of force was wanton and unnecessary," I must examine "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7 (internal quotation marks omitted).

In this case, the undisputed evidence establishes that Walker was shot in the hip during a prison riot while he and a group of other inmates viciously attacked a defenseless prisoner, savagely kicking him in the head multiple times. Thus, the use of force, according to the undisputed facts, was necessary to put an end to the assault and to protect the life of a defenseless inmate during an out-of-control prison riot. On this record and considering the factors from *McMillian*, Walker's Eighth Amendment claims necessarily fail. *See id.*; *see also Whitley v. Albers*, 475 U.S. 312, 320–21 (1986) (holding that injuries to prisoners do not constitute cruel and unusual punishment when they are inflicted during a prison disturbance that

"indisputably poses significant risks to the safety of inmates and prison staff" unless force was applied "maliciously and sadistically for the very purpose of causing harm" (internal quotation marks omitted)).

It is therefore ordered that Officer McMoran's motion for summary judgment is granted. The clerk of the court is directed to enter judgment in Officer McMoran's favor and to terminate this action with prejudice.

DATED:   June 29, 2011

/s/J. Clifford Wallace
J. CLIFFORD WALLACE
UNITED STATES CIRCUIT JUDGE